UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE R. BURFITT,<br>    Plaintiff, | Case No. 1:15-cv-730 |
| vs | Dlott, J.<br>Bowman, M.J. |
| SGT. BEAR,  et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against defendants Sgt. Bear, Sgt. Phelps, Sgt. Sammons, Dr. Ford. Ms. Gladman, Ms. Phelps, Larry Green, Roger Wilson, Linnea Mahalm, Mr. Oppi, and Gary Mohr.  (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that he was placed in a K-4, RTU block for severely mentally ill inmates for no justifiable reason. (Complaint, Doc. 1-1 at PageID 14). In February or March 2015, plaintiff claims that he sent two kites to Ms. Gladman, one seeking tips on letting resentment go and a second requesting that he be removed from the K-4 block. According to plaintiff, Dr. Ford responded to him, stating that the block was the only place he could obtain treatment. Due to excessively noisy inmates, plaintiff claims he had to act out just to be relocated.

On March 27, 2015, plaintiff claims that he was in Sgt. Bears' office for a conduct report hearing when Bears verbally insulted plaintiff and his mother. After plaintiff verbally defended himself, he claims Bears shut his office door and punched him. Plaintiff further alleges that Sgt. Phelps was also in the office and assisted Bears in attacking him.

After being returned to his cell, plaintiff claims that the water in his cell was turned off for the weekend and dinner trays were refused by second shift officers. Plaintiff indicates that he showed Dr. Ford and Ms. Gladman the plumbing in his cell.

On May 7, 2015, during a Rules Infraction Board (RIB) hearing, plaintiff claims he was again punched by Sgt. Phelps. According to plaintiff, after the RIB found him guilty Sgt. Sammons ordered him to sit down. Sammons subsequently opened the office door and invited other officers to "come join the fun." Plaintiff alleges that Sammons nodded to Phelps, who punched plaintiff in the face and told him not to get up. Plaintiff alleges that Ms. Gladman and Ms. Phelps watched the attack on plaintiff.

Plaintiff claims that upon being placed back in his cell, he was held against the wall and forced to look to his left, while his writs were being bent. Plaintiff claims that a lieutenant sprayed him directly in his face with mace for approximately six seconds, before he was shoved back into the cell, where he claims his water remained off and meals were refused for days.

Plaintiff alleges that he exhausted his state remedies by bringing his issues to the attention of following defendants: Unit Manager Mr. Oppi, Dr. Ford, Warden Larry Green, Inspector Linea Mahalm, Chief Inspector Roger Wilson, and Director Gary Mohr.

As relief, plaintiff seeks punitive and compensatory damages, as well as injunctive relief. (*Id.* at PageID 16.)

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendants Sgt. Bears, Sgt. Phelps, and Sgt. Sammons. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Additionally, the undersigned finds that plaintiff has stated a plausible failure to protect claim against Ms. Gladman and Ms. Phelps. At this stage in the proceedings, without

4

the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, the complaint is subject to dismissal in all other respects. First, the majority of defendants are named in connection with their alleged failure to investigate or address plaintiff's complaints in the grievance process. As to defendants' failure to investigate, plaintiff has failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). Accordingly, the complaint should be dismissed against defendants Mr. Oppi, Dr. Ford, Larry Green, Linnea Mahalm, Roger Wilson, and Gary Mohr.

Plaintiff's claims regarding the conditions of his cell and withheld meals should also be dismissed. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care,

5

or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). Therefore, to establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. Although plaintiff claims that he was periodically denied meals by second shift officers, this does not amount to cruel and unusual punishment under the Eighth Amendment. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (serving a prisoner one meal per day for fifteen days did not violate the prisoner's Eighth Amendment rights where that meal was sufficient to maintain normal health for the 15–day time period). *See, e.g., Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (finding that the plaintiff stated a cognizable Eighth Amendment claim regarding inadequate nutrition when he asserted that he lost twelve pounds in a month because of inadequate portions).

Plaintiff has neither alleged that the meal plan at the Southern Ohio Correctional

6

Institution deprives him of adequate nutrition, nor has he alleged any harm as a result of the allegations in the complaint.  See, e.g., *Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (Dlott, J.; Litkovitz, M.J.) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted* 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012); *White v. Gregory,* 1 F.3d 267, 269 (4th Cir. 1993) (finding the allegation that the plaintiff was forced to go without food for eighteen hours on the weekends failed to rise to a violation of the Eighth Amendment without any showing of deleterious effects of the meal plan).

Plaintiff's allegations that the water to his cell were turned off during these periods also does not rise to the level of an Eighth Amendment violation.  See *Davis v. Miron*, 502 F.App'x 569, 570 (6th Cir. 2012) (finding that a correctional officer's turning off the water to the plaintiff's cell fails to state an Eighth Amendment violation) (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that allegations of temporary inconveniences do not state an Eighth Amendment claim)). Therefore, plaintiff's Eighth Amendment claims should be dismissed.

Accordingly, in sum, the undersigned concludes all claims alleged by plaintiff in his complaint are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted, except that plaintiff may proceed with (1) his excessive force claim against defendants Sgt. Bears, Sgt. Phelps, and Sgt. Sammons and (2) his failure to protect claim against defendants. Ms. Gladman and Ms. Phelps.

7

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Dr. Ford. Larry Green, Roger Wilson, Linnea Mahalm, Mr. Oppi and Gary Mohr be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may proceed with his for excessive force claim against defendants Sgt. Bears, Sgt. Phelps, and Sgt. Sammons, and failure to protect claim against defendants Ms. Gladman and Ms. Phelps.

The United States Marshal shall serve a copy of the complaint, summons, the separate Order granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Sgt. Bears, Sgt. Phelps, Sgt. Sammons, Ms. Gladman, and Ms. Phelps as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAWRENCE R. BURFITT,                  Case No. 1:15-cv-730
    Plaintiff,

                                                   Dlott, J.
    vs                                     Bowman, M.J.

SGT. BEAR, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).