**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAWRENCE R. BURFITT,                              Case No. 1:15-cv-730

        Plaintiff,                                    Dlott, J.
                                                 Bowman, M.J.
    v.


SGT. BEAR, et al.,

        Defendants.


**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, presently incarcerated at the Southern Ohio Correctional Facility ("SOCF") and proceeding *pro se*, filed suit in November 2015 against eleven individual Defendants at SOCF.  Plaintiff's initial complaint alleged that he was placed in a K-4, RTU block for severely mentally ill inmates for no justifiable reason.  Plaintiff complained about several incidents that allegedly took place in February or March of 2015, in which Plaintiff alleged he was verbally and physically assaulted, that the water in his cell was turned off and dinner trays were refused.  Plaintiff also raised claims regarding incidents that allegedly occurred in early May, 2015, during and shortly after a Rules Infraction Board ("RIB") hearing, in which Plaintiff asserts he was again physically assaulted, his water turned off, and meals refused.  Plaintiff's initial complaint sought punitive and compensatory damages as well as injunctive relief.

Upon initial screening under the Prison Litigation Reform Act of 1995, 28 U.S.C. §1915(e)(2)(B) and §1915A(b), the undersigned determined that Plaintiff had stated an

Eighth Amendment claim for excessive force against three defendants:  Sgt. Bears, Sgt. "Phelps," (later corrected to "Felts")[1] and Sgt. Sammons, concerning incidents alleged to have occurred on March 27, 2015 and May 7, 2015.  The undersigned also found that Plaintiff had stated a "plausible failure to protect claim against Ms. Gladman" as well as a "Ms. Phelps," subsequently identified as "Ms. Susan Felts."  However, the Court dismissed Plaintiff's claims "in all other respects" including those against other Defendants. (Docs. 5, 11).

On February 5, 2016, three Defendants, Sgt. Bear, Sgt. Sammons, and Ms. Gladman, moved for judgment on the pleadings concerning Plaintiff's initial complaint. (Doc. 17).  On March 23, 2016, Plaintiff was permitted to file an amended complaint, leading to the dismissal as moot of the Defendants' motion.  (Docs. 31, 36, 38).  Shortly thereafter, Defendants Bear, Sammons, and Gladman filed a new motion to dismiss the amended complaint.  (Doc. 38).  On June 16, 2016, Defendant Sgt. Brian Felts and Defendant Susan Felts filed a separate motion for judgment on the pleadings in relation to the amended complaint.  For the reasons that follow, claims against two of the Defendants (Gladman and Susan Felts) should be dismissed, but the pending motions should be denied as to Defendants Bear, Sammons, and Sgt. Brian Felts.

**II.  Analysis**

Unlike a motion for summary judgment that usually requires a review of evidence obtained through discovery, a motion to dismiss is directed to the sufficiency of the

---

[1]Defense counsel subsequently notified this Court that service would not be accepted as to either "Sgt. Phelps" or "Ms. Phelps" because SOCF employed no persons with that last name.  Plaintiff subsequently amended his complaint to substitute the names of Sgt. Brian Felts and Susan Felts in place of the original misnamed "Phelps" Defendants.  (Docs. 19, 20, 25, 26, 27, 29).

pleadings, with the Court's review limited accordingly. The same standard is applied to a motion for judgment on the pleadings.

Thus, in evaluating the pending motions under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells,* 506 F.3d 422, 426 (6th Cir.2007). As stated, on initial screening the undersigned previously determined that Plaintiff's complaint contained more than "labels and conclusions" under the standards established in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), but that does not necessarily preclude granting Defendants' pending motions under Rule 12(b)(6).[2] Still, a complaint will generally survive under Rule 12(b)(6) standards if it contains sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Iqbal,* 129 S.Ct. at 1949).

After discussion of threshold arguments concerning the extent of Plaintiff's injuries and whether prior disciplinary convictions bar his claims, the undersigned will discuss Plaintiff's claims against each Defendant individually.

### A. Extent of Physical Injury

In both the motion to dismiss the amended complaint and the motion for judgment on the pleadings, Defendants argue that all claims must be dismissed because Plaintiff does not sufficiently allege a physical injury to recover monetary

---

[2]Due to time constraints, the limited review authorized by the PLRA, and the fact that the Court is not an advocate, the Court's sua sponte review of a complaint on initial screening is a relatively cursory one. Therefore, while Rule 12(b)(6) pleading standards are virtually identical to those used on screening, a motion to dismiss filed by counsel after initial screening may contain meritorious arguments not previously fully considered by the Court.

damages under the PLRA.  Defendants contend that although the physical injury need not be significant, it must be more than "de minimis" in order to state an Eighth Amendment claim.  Defendants claim that Plaintiff alleges no real injuries as a result of the alleged violence against him on either March 27 or May 7, 2015.

The cases cited by Defendants for this legal proposition are unpublished and/or from other jurisdictions.  Virtually all of the cited cases involve the entirely different standard of review applicable to a motion for summary judgment, as opposed to a motion directed to the pleadings.  *See, e.g., Masterson v. Grant*, 2011 U.S. Dist. LEXIS 6974 (E.D. Va. 2011); *Palmer v. Abdalla*, Case No. 2:11-cv-503, 2012 WL 4473206 (S.D. Ohio Sept. 4, 2012).  Defendants chiefly rely on *Jarriett v. Wilson*, 162 Fed. Appx. 394 (6th Cir. July 7, 2005), an unpublished case decided prior to controlling Supreme Court case law that undermine the express language on which Defendants rely.[3]  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (reversing dismissal of complaint for failure to state a claim based upon "de minimis injury," holding that the "'core judicial inquiry'" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (internal citations omitted)).  In published cases decided after *Jarriett*, the Sixth Circuit has reiterated that an "absence of serious injury is … relevant to the Eighth Amendment inquiry, but does not end it." *Lockett v. Suardini,* 526 F.3d 866, 875 (6th Cir. 2008) (quoting *Hudson v. McMillian*, 503 U.S. at 7 (1992).

Even assuming that the proposition on which Defendants rely - that a prisoner must allege more than "de minimis" injury in his complaint to state an Eighth

---

[3]Although Defendants cite one post-*Wilkins* case, *Flanory v. Bonn*, 603 F.3d 249 (6th Cir. 2010), that case involved the different claim of deliberate indifference to medical needs.  Moreover, while published within months of *Wilkins*, *Flanory* failed to cite that Supreme Court case.

Amendment claim – remains good law – Plaintiff alleges that he was punched in the face on two separate occasions without provocation, and that he suffered bruised and swollen eye(s), a bloody nose, and cuts.  Although not every detail is contained in the complaint, the alleged injuries are supported in part by the Medical Exam Reports attached to Defendants' Answer, which reflect physical findings on March 27, 2015 of a "bloody nose, R side of forehead with abrasion, L eyebrow area with abrasion.  Lips bloody" and similar injuries on May 7.  (Doc. 36-1 at 3, PageID 195, *see also id.* at 10, PageId 202).   The undersigned cannot agree at this initial pleading stage that the referenced allegations are so deficient as to fail to state a claim for excessive force under the Eighth Amendment.

### B. Whether Underlying Disciplinary Convictions Preclude Plaintiff's Claims

Defendants Susan Felts and Defendant Gladman additionally argue that Plaintiff's convictions by the Rules Infraction Board of violations arising out of both the March 27, 2015 and May 7, 2015 incidents bar any related Eighth Amendment claims, again citing several unpublished Sixth Circuit cases.  Defendants argue that because Plaintiff's RIB convictions "can [theoretically] be considered by the Ohio Adult Parole Authority … when determining whether to continue Plaintiff for parole after twenty-five years, any allegations to the contrary would present a direct challenge to the validity of Plaintiff's disciplinary convictions, thereby impacting the duration of his confinement under Ohio law." (Doc. 43 at 9, PageID 237).

For a variety of reasons including the limited scope of review applicable to the pending motion, the undersigned cannot agree.  The Sixth Circuit has explained in published case law the distinction between an Eighth Amendment claim similar to that

brought by Plaintiff herein, and the holding of *Heck v. Humphrey*, 512 U.S. 477, 114 S.

Ct. 2364 (1994), in which the Supreme Court held that unless a prisoner's conviction or

sentence were previously set aside by a separate action, a prisoner-plaintiff is

foreclosed from bringing a §1983 action that would "necessarily invalidate" his

underlying conviction or sentence.

> [Defendant] initially argued that *Heck* bars both Lockett's First Amendment free-speech claim and his Eighth Amendment excessive-force claim, but later conceded at oral argument that his Eighth Amendment excessive-force claim is *not* barred by *Heck* because Lockett's disruptive and threatening behavior upon leaving the hearing room would not justify the allegedly excessive force that Lockett was subjected to, even if Lockett was in fact guilty of assault. *See Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000) ("In general, the federal courts hold that Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law." (citing *Nelson v. Jashurek,* 109 F.3d 142, 145-46 (3d Cir.1997) (noting that "it is possible for a finding that [the defendant] was resisting arrest to coexist with a finding that the police used excessive force to subdue him"))), *abrogated on other grounds by Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2000). The same reasoning applies to Lockett's claim that the nurses were deliberately indifferent to his injuries. That claim could hypothetically succeed, regardless of whether the nurses knew of the altercation or Lockett's comment to the hearing officer, and notwithstanding Lockett's actual guilt in assaulting the RUOs.

*Lockett v. Suardini*, 526 F.3d at 873. The handful of unpublished cases cited by

Defendants are distinguishable, and do not stand for the proposition that *Heck* bars all

Eighth Amendment claims whenever an inmate has been convicted of related

disciplinary infractions. *See also Mitchell v. Craft*, 2015 WL 4743045 (S.D. Ohio Aug.

10, 2015)(denying summary judgment, rejecting Defendants argument that *Heck* would

necessarily invalidate the plaintiff's underlying disciplinary convictions).[4]

---

[4]At least two recent cases with similar holdings remain on appeal. *See Quinn v. Eshem*, 2015 WL 9951611 (S.D. Ohio Nov. 30, 2015)(R&R adopted at 2016 WL 39677 (S.D. Ohio Feb. 2, 2016) (appeal filed March 22, 2016) and *Goudlock v. Blakenship*, 2016 WL 374831 (N.D. Ohio April 19, 2016) (R&R

### C. Individual Defendants

Having rejected the Defendants' more general threshold arguments, the undersigned turns to the allegations against each individual.

#### 1. Sergeant Bear

Plaintiff alleges in his amended complaint that he was shackled and taken to Sgt. Bear's office in relation to a conduct report hearing on March 27, 2015. (Doc. 27, PageID 150.) While there, Plaintiff alleges that Sgt. Bear insulted Plaintiff's mother, eliciting a verbal reaction from Plaintiff. (*Id.*) Allegedly angered by Plaintiff's verbal retort, Plaintiff alleges that Sgt. Bear proceeded to shut his office door and punch Plaintiff in the face. (*Id.*) Plaintiff concedes that he physically fought back by kicking and biting Sgt. Bear, but alleges that he remained shackled throughout the incident. (*Id.*)

Construing the allegations liberally, the complaint includes sufficient factual allegations to state a claim for excessive force that is plausible on its face. Although the undersigned recognizes that Defendants contest Plaintiff's version of the events, the undersigned must accept Plaintiff's factual allegations as true in the context of the pending motion.[5] Because Plaintiff has plausibly alleged that Sgt. Bear first employed significant physical force (punching Plaintiff) in response to nothing more than a verbal remark by Plaintiff, prior to any (allegedly defensive) physical response by Plaintiff, Plaintiff's excessive force claim cannot be dismissed <u>at this initial stage</u> of the

---

discussing application of *Heck* to Eighth Amendment excessive force claims under §1983 when prison disciplinary convictions are implicated), adopted but granting summary judgment on alternative grounds at 2016 WL 3668008 (July 11, 2016) (appeal filed July 29, 2016).

[5]The Answer to the amended complaint jointly filed by all five Defendants contains, as an attachment, a series of institutional records including Plaintiff's disciplinary convictions relating to the March 27 and May 7 incidents. (See Doc. 36-1.) The undersigned has reviewed the documents, but concludes that the reports contained therein primarily raise issues of fact that are not amenable to disposition under Rule 12(b)(6).

proceedings. Simply stated, the amended complaint alerts Sgt. Bear of the excessive force claim and that the claim rests on the Plaintiff's testimony regarding the order of events that occurred while Plaintiff was at Sgt. Bear's office on March 27, 2015.

### 2. Defendant Brian Felts

For similar reasons, the motion for judgment on the pleadings by Defendant Brian Felts must be denied. Plaintiff alleges in his amended complaint that he attended an RIB panel meeting on May 7, 2016, at which Sgt. Sammons was present. (*Id.*, PageID 151.)  At the end of the meeting, Sgt. Sammons allegedly "cut the tape off," and, while in an "interviewing room," Defendant Felts shut the door and proceeded to punch Plaintiff in the face after Defendant Sammons "gave him a nodd [sic] of approval." (*Id.*)  Plaintiff again acknowledges violently resisting, but alleges that he did so only in defensive response to the excessive use of force by Defendant Brian Felts. Plaintiff alleges that Sgt. Sammons assisted Felts by "jump[ing] on me" while Defendants Susan Felts and Gladman allegedly watched the attack.  Plaintiff alleges that he continued to be hit by unspecified officers while being escorted back to his cell.

Based upon the applicable standard of review, Plaintiff's factual allegations appear sufficient –  at this early pleading stage -  to state a claim for excessive force that is plausible on its face.  Plaintiff alleges that Sgt. Sammons encouraged Sgt. Felts to physically attack Plaintiff without any preceding provocation by Plaintiff, in retaliation for Plaintiff's verbal complaints at an RIB hearing.  Although the facts remain disputed, the complaint is not subject to dismissal on its face, because a jury could conclude that the Defendants used excessive force without justification.

### 3.  Defendant Sgt. Sammons

In the referenced incident, in which Defendant Brian Felts is alleged to have initiated the use of excessive force against Plaintiff following a May RIB hearing, Defendant Sgt. Sammons allegedly gave an affirmative non-verbal signal to Defendant Felts to proceed with his attack, and participated in jumping on Plaintiff during the attack.  While the issue remains close based upon the minimal allegations against Defendant Sammons, the undersigned finds the allegations to be sufficient to state an Eighth Amendment claim.  Therefore, Sgt. Sammons' motion to dismiss should be denied.

### 4.  Defendant Gladman

In *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994), the Supreme Court held that "prison officials have a duty to protect prisoners from violence" under the Eighth Amendment.  Although failure to protect claims are most often brought in response to violence by a fellow inmate, the same principles apply to violence against an inmate by a prison guard.  As with other claims brought under the Eighth Amendment, the prisoner must prove both an objective and subjective component of his "failure to protect" claim. First, under the objective component of the claim, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm" *Id.*, 511 U.S. at 834. Second, under the subjective component, the court examines the defendant's state of mind to determine whether he acted with "deliberate indifference" equivalent to an intent to punish inmate health or safety. *Id.*; see also *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988). To establish the subjective component, a plaintiff must show that the defendants had knowledge of and

9

disregarded an excessive risk to his safety. *Id.* at 837. Applying this standard, the undersigned recommends that Defendant Gladman's motion for judgment on the pleadings be granted.

Plaintiff alleges in his amended complaint that on May 6, 2015, Ms. Gladman and Dr. Ford were conducting rounds when Plaintiff advised them that he was having issues with his plumbing. (Doc. 27, PageID 151.) Plaintiff states that Dr. Ford stayed to speak with Plaintiff on the matter while Ms. Gladman continued to perform her rounding duties. (*Id.*) On the following day, Plaintiff alleges he attended an RIB panel meeting regarding a prior Rule 6 violation. (*Id.*) Plaintiff alleges that Ms. Gladman was present, along with Sgt. Felts and Sgt. Sammons, in an interview room just after this meeting. (*Id.*) Plaintiff alleges that Defendant Gladman remained present during the subsequent scuffle between Plaintiff and Sgt. Felts and/or Sgt. Sammons. (*Id.*)

Even construing Plaintiff's allegations liberally, Plaintiff's allegations do not state a plausible claim against Ms. Gladman for "failure to protect." Unlike the allegations against Sgt. Sammons which imply that he gave non-verbal assent to the alleged attack and/or participated in it, there is no suggestion that Defendant Gladman had any prior knowledge that a physical attack against Plaintiff was imminent, or that either of the male officers intended to physically attack Plaintiff. In short, Plaintiff's allegations fail to remotely suggest that Gladman demonstrated deliberate indifference to his safety.

Plaintiff was in an RIB meeting due to his own prior actions. An RIB meeting in a state prison is not a setting, on its own, that would pose a "substantial risk of serious harm" to the Plaintiff or an "excessive risk" to Plaintiff's safety. *Id.*, 511 U.S. at 834. The meeting was convened for a legitimate penological purpose, to analyze and review

Plaintiff's violation of a prison rule. Ms. Gladman's alleged inaction in response to Plaintiff's prior complaints about the plumbing problems in his cell are irrelevant to his "failure to protect" claim against her. The alleged incident is alleged to have begun with an unprovoked attack by Felts but Plaintiff's allegations make clear that he physically resisted and that Defendant Gladman was merely a witness to a rapidly escalating, ensuing struggle between the Plaintiff, Sgt. Felts, and Sgt. Sammons. Gladman cannot be held liable for failing to anticipate a surprise attack by a correctional officer against an inmate, nor can she be held liable merely for being present during a subsequent altercation in which officers attempted to regain control over a violently resisting inmate, who had succeeded in grabbing an officer's PR-24 baton. Thus, no constitutional violation is stated against Ms. Gladman, and the undersigned recommends that her motion to dismiss be granted.

### 5. Defendant Susan Felts

Defendant Susan Felts also is entitled to dismissal of the failure to protect claim filed against her. As with Defendant Gladman, Plaintiff's only allegations against Defendant Susan Felts are that she bore witness to the May 7, 2015 incident, and failed to intercede. There is no hint of any allegation that would satisfy either the objective or subjective elements of an Eighth Amendment claim against Ms. Felts, because there is no allegation that she had prior anticipatory knowledge of the allegedly surprise attack, nor did she have any duty to intervene in light of the rapidly evolving and escalating course of events.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the motion to dismiss filed

by Defendants Bear, Sammons, and Gladman (Doc. 31) be **DENIED** as to Defendants Bear and Sammons, but **GRANTED** as to Defendant Gladman. **IT IS FURTHER RECOMMENDED THAT** the motion for judgment on the pleadings filed by Sgt. Brian Felts and Susan Felts (Doc. 43) be **DENIED** as to Defendant Sgt. Felts, but **GRANTED** as to Defendant Susan Felts.  Therefore, all claims against Defendants Gladman and Susan Felts should be dismissed, with Plaintiff's Eighth Amendment claims to proceed against Defendants Bear, Sgt. Sammons, and Sgt. Felts.


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAWRENCE R. BURFITT,                                    Case No. 1:15-cv-730

            Plaintiff,                                             Dlott, J.
                                                                       Bowman, M.J.
    v.


SGT. BEAR, et al.,

            Defendants.


**NOTICE**

        Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report and Recommendation ("R&R") within **FOURTEEN  (14) DAYS**

of the filing date of this R&R.  That period may be extended further by the Court on

timely motion by either side for an extension of time.  All objections shall specify the

portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law

in support of the objections.  A party shall respond to an opponent's objections within

**FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to

make objections in accordance with this procedure may forfeit rights on appeal.  *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).

13