**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAWRENCE R. BURFITT,

    Plaintiff,

  v.

SGT. BEAR, et al.,

    Defendants.

Case No. 1:15-CV-730

Dlott, J.
Bowman, M.J.

**OPINION AND ORDER**

### I. Background

Plaintiff, a prisoner who proceeds *pro se*, initiated this litigation on November 12, 2015, alleging that multiple Defendants have violated his constitutional rights while he has been incarcerated at the Southern Ohio Correctional Facility. Plaintiff's initial complaint alleged that he was placed in a K-4, RTU block for severely mentally ill inmates for no justifiable reason. Plaintiff complained about several incidents that allegedly took place in February or March of 2015, in which Plaintiff alleged he was verbally and physically assaulted, that the water in his cell was turned off and dinner trays were refused. Plaintiff also raised claims regarding incidents that allegedly occurred in early May, 2015, during and shortly after a Rules Infraction Board ("RIB") hearing, in which Plaintiff asserts he was again physically assaulted, his water turned off, and meals refused. Plaintiff's initial complaint sought punitive and compensatory damages as well as injunctive relief.

Upon initial review, the Court dismissed multiple claims against six Defendants, but permitted Plaintiff to proceed with a claim of excessive force and a failure to protect claim in violation of the Eighth Amendment against five Defendants. (Docs. 5, 11). However, more recently, the Court dismissed all claims against two of the five Defendants. Therefore, the only Eighth Amendment claims that remain are asserted against Defendants Bear, Sgt. Sammons, and Sgt. Felts concerning two incidents alleged to have occurred on March 27, 20154 while Plaintiff was in Sgt. Bear's office, and on May 7, 2015, in an RIB hearing "interviewing room" in which Sgt. Sammons and Sgt. Felts were both present. (Docs. 52, 59).

On August 16, 2016, Plaintiff filed a "Petition" or Motion for Inspection (Doc. 54), to which Defendants have filed a response in opposition and motion to quash. (Doc. 58). Additionally, the docket reflects that Plaintiff inadvertently filed a motion in the above-captioned case that he intended to file in a separate case. (Doc. 55). Finally, Plaintiff filed a "letter" that does not require any action from this Court. (Doc. 57).

II. Analysis

A. Motion To Compel Discovery/Inspection

Plaintiff's August 16 Petition/Motion requests an inspection and "caption" [sic] of things pertinent to trial.[1] Specifically, Plaintiff requests "inspection and caption" of Defendants Bear and Felts' offices, the retention of an investigator on Plaintiff's behalf, "inspection and caption" of all areas where force was applied to Plaintiff on March 27, 2015 and May 7, 2015 including his escort to the J-2 strip cage, his escort to J-4 cell

---

[1] In the same motion, Plaintiff complains about conditions of his confinement, including the alleged lack of sprinklers in cells, ventilation in the unit where mentally ill inmates are housed, and general mistreatment of other prisoners and himself. None of these allegations are relevant to the pending discovery requests or to the claims in this case, and therefore are not further considered.

2

#43, the RIB room, the hallway and ramp used to escort Palintiff to J-1, and finally, disciplinary records of all "related defendants." (Doc. 54).

In response to the construed motion to compel inspection or discovery, Defendants filed a motion to quash on September 6, 2016,[2] arguing that Plaintiff's requests are unduly burdensome, onerous, vague, ambiguous, overly broad and largely unintelligible. The undersigned generally agrees, and therefore will deny Plaintiff's discovery motion, with one small exception.

As a preliminary matter, Plaintiff states that the Defendants denied his discovery requests but fails to certify that he has exhausted all extrajudicial means for resolving his dispute, as required by Local Rule 37.1, and Rule 37 of the Federal Rules of Civil Procedure. This Court has previously cautioned Plaintiff that his *pro se* status does not excuse full compliance with the rules of civil procedure, including Local Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure. (*See* Doc. 53). Plaintiff's discovery motion could be denied on procedural grounds alone.

However, given the breadth, scope, and general irrelevance of Plaintiff's request, the Court will not require pro forma compliance with the referenced rules. Instead, Plaintiff's motion will be (mostly) denied as overbroad, unduly burdensome, and irrelevant under Rule 34 and Rule 26 of the Federal Rules of Civil Procedure.

Pursuant to Rule 34(b)(1), a request for inspection

(a) must describe with *reasonable particularity* each item or category of times to be inspected; (b) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced.

Federal Rule of Civil Procedure 34(b)(1). (Emphasis added).

---

[2] Although the response is captioned as a "motion," it was docketed as a response in opposition.

Defendants first object to the discovery requests as vague and overbroad. It is unclear what Plaintiff intends by the phrase "caption of things," or precisely what items he seeks to inspect. A request to review any video recordings that may exist concerning the two incidents that allegedly occurred in Sgt. Bear's office and in an RIB interview room on March 27 and May 7, 2015 would be sufficiently specific, that is not what Plaintiff has requested. Plaintiff's broad and ambiguously worded "inspection and caption" clearly goes well beyond the scope of the relatively limited remaining two Eighth Amendment claims.

Plaintiff also requests Defendants' disciplinary records and measurements of office space and "rib room." While an argument could be made that some portion of the three remaining Defendants' disciplinary records could be relevant, Plaintiff's present request is vague and overbroad. The request is not limited by year, does not articulate the relevant scope of disciplinary records, and does not even identify any individual Defendant. Although the request for room measurements is also vague, given that the two incidents are alleged to have occurred within the confines of two specific rooms, and without any suggestion of undue burden by Defendants, the undersigned will order that limited information to be produced.

In addition to objecting to most of the requests as overbroad, Defendants reasonably object to the requests on grounds of relevance and as unduly burdensome. Rule 26 imposes limits on discovery by requiring both relevance and proportionality.

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4

Federal Rule of Civil Procedure 26(b)(2)(C). (Emphasis added).

Plaintiff asks this Court to require Defendants to permit him to "inspect" broad and poorly described areas of the prison, and for "caption of things." In support of their argument that Plaintiff's request would impose an undue burden on prison administration, Defendants state that Plaintiff has been "confined to segregation for the past year and a half" based on his proclivity for "aggressive and violent behavior." (Doc. 58, PageID 303).[3] According to Defendants, Plaintiff remains a high security risk who "spends 23-24 hours a day in his cell, leaving only to recreate in a cage or to shower." (*Id.*) He is "escorted to the recreation cage or to the shower while shackled and cuffed from behind." (*Id.*) In other words, Plaintiff's movement "is much more restricted than that of the general population prisoners who are …housed at this maximum security facility." (*Id.*) Thus, Defendants argue in part that to allow Plaintiff free reign to inspect so many areas of the prison – or even to escort Plaintiff to many areas while he is appropriately shackled and restrained – would be unduly burdensome.

In addition, Defendants maintain that Plaintiff's requests for inspection are not relevant to any claim or defense yet presented in this case. The undersigned accepts counsel's representations that permitting Plaintiff access to so many areas of the prison would be unduly burdensome, given Plaintiff's security risk and the lack of any showing of relevance. Plaintiff's sole remaining claims are that three Defendants violated his Eighth Amendment rights during the course of two incidents that are alleged to have occurred within two enclosed rooms (Bear's office and an interview room) on March 27

---

[3] Although the Defendants have not offered specific evidence to support their representations concerning Plaintiff's confinement to segregation and security risk, the undersigned accepts counsel's statements as an officer of the Court, limited to the context of this non-dispositive discovery motion.

5

and May 7, 2015. The relevance of an inspection of even the two rooms is not evident to the Court, and the relevance of other areas of the prison is inconceivable.

Because Plaintiff's discovery requests are vague, overbroad, unduly burdensome, and irrelevant, they will be denied <u>except</u> that Defendants will be directed to provide to Plaintiff the physical dimensions of the two rooms in which the March 27 and May 7, 2015 incidents are alleged to have occurred.

### B. Plaintiff's Improper Correspondence

Plaintiff has filed a "letter" (Doc. 57) with the Clerk of Court that is not authorized under any applicable civil rules of procedure. The undersigned continues to discourage Plaintiff from filing such documents as they cannot and will not be considered by this Court.

### C. Misfiled Motion To Amend Complaint

Last, Plaintiff has filed a "Motion to Amend Complaint" (Doc. 55) that bears the caption of this case. However, the body of the motion makes clear that Plaintiff intended to file his motion in a separate case that was more recently filed by Plaintiff against different Defendants and concerning an entirely different incident. "Plaintiff now petitions the court to ammend [sic] a most recent complaint that was mailed to this district court, 7/22/16." (Doc 55, PageID 293).

The Court takes judicial notice of the fact that the case to which Plaintiff refers is *Burfitt v. Mahlman*, Case No. 1:16-cv-776, a case that has been assigned to U.S. District Judge Michael R. Barrett and U.S. Magistrate Judge Karen L. Litkovitz. On September 20, 2016, Judge Litkovitz filed a Report and Recommendation that recommended dismissal of that case based upon a lack of prosecution. On September

28, 2016, Mr. Burfitt filed objections to that Report and Recommendation, which objections remain pending before Judge Barrett.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's construed motion for discovery/inspection (Doc. 54) is **DENIED in part** except that Defendants shall respond to the construed written request for the physical dimensions of the two rooms in which the incidents that remain the basis of this lawsuit occurred;

2. Plaintiff's motion to amend/correct his complaint (Doc. 55) is **DENIED** as improperly filed in this case, but the Clerk of Court is directed to re-file the same motion in Case No. 1:16-cv-776 for further review as appropriate.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge