UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE R. BURFITT,  Case No. 1:15-CV-730

    Plaintiff,  Dlott, J.
  Bowman, M.J.
v.

SGT. BEAR, et al.,

    Defendants.

## OPINION AND ORDER

### I. Background

Plaintiff, a prisoner who proceeds *pro se*, initiated this litigation on November 12, 2015, alleging that multiple Defendants have violated his constitutional rights while he has been incarcerated at the Southern Ohio Correctional Facility. Plaintiff's initial complaint alleged that he was placed in a K-4, RTU block for severely mentally ill inmates for no justifiable reason. Plaintiff complained about several incidents that allegedly took place in February or March of 2015, in which Plaintiff alleged he was verbally and physically assaulted, that the water in his cell was turned off and dinner trays were refused. Plaintiff also raised claims regarding incidents that allegedly occurred in early May, 2015, during and shortly after a Rules Infraction Board ("RIB") hearing, in which Plaintiff asserts he was again physically assaulted, his water turned off, and meals refused. Plaintiff's initial complaint sought punitive and compensatory damages as well as injunctive relief.

Upon initial review, the Court dismissed multiple claims against six Defendants, but permitted Plaintiff to proceed with a claim of excessive force and a failure to protect

claim in violation of the Eighth Amendment against five Defendants. (Docs. 5, 11). The Court later dismissed all claims against two of the five Defendants. Therefore, the only Eighth Amendment claims that remain are asserted against Defendants Bear, Sgt. Sammons, and Sgt. Felts concerning two incidents alleged to have occurred on March 27, 2015 while Plaintiff was in Sgt. Bear's office, and on May 7, 2015, in an RIB hearing "interviewing room" in which Sgt. Sammons and Sgt. Felts were both present. (Docs. 52, 59).

On October 6, 2016, the undersigned denied as "unduly burdensome, onerous, vague, ambiguous, overly broad and largely unintelligible" the majority of requests contained in a prior construed motion to compel discovery filed by Plaintiff. (Doc. 60 at 3). In that Order, the Court also cautioned Plaintiff for a second time that his *pro se* status does not excuse full compliance with the rules of civil procedure, including Local Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure. (See Docs. 60, 53).

**II. Analysis of Motion To Compel Discovery and for Hearing**

On November 7, 2016, Plaintiff filed a new motion to compel Defendants to produce to him all mental health records, including but not limited to those that may relate to his transfer to SOCF from his prior institution (OSP), and any records concerning his current mental health classification, medications, and treatment.

Plaintiff's motion also seeks a telephonic hearing to address his pending motion. The request for a hearing will be denied, because the parties have adequately briefed all relevant issues.

Defendants' response in opposition to Plaintiff's motion asserts that he failed to strictly comply with LR 37.1 and Rule 37, because he did not include a certification of the exhaustion of Plaintiff's extra-judicial attempts to resolve the dispute with opposing

counsel. Instead, Plaintiff's motion only demonstrates that Plaintiff has attempted to obtain his mental health records from prison officials, using institutional "kites."

Defendants' response also opposes the requested production of Plaintiffs' mental health records on the merits. The undersigned agrees that a discovery request for mental health records does not appear relevant to the limited remaining excessive force claims asserted by Plaintiff. Construing Plaintiff's motion to compel very liberally, Plaintiff appears to seek the records for some pre-emptive (and highly speculative) purpose, presumably to defend against any future claims by Defendants that any use of force was justified due to Plaintiff's alleged mental health diagnosis.

Discovery is now closed, and any dispositive motions must be filed by February 28, 2017. At this point, it does not appear that the requested records have any bearing upon any claim or defense in this lawsuit. The Court may reconsider only if any future dispositive motion filed by Defendants actually calls into question the relevance of Plaintiff's mental health records. Because the records have no apparent relevance at this time, the undersigned finds it unnecessary to reach Defendants' alternative argument that, as correctional officers, they have no access to the requested mental health records.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** Plaintiff's motion to compel discovery and for a telephonic hearing (Doc. 62) is **DENIED**.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge