**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAWRENCE BURFITT,

    Plaintiff,

v.

SGT. BEAR, et al.,

    Defendants.

Case No. 1:15-cv-730

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural Background

Plaintiff, presently incarcerated at the Southern Ohio Correctional Facility ("SOCF") and proceeding *pro se*, filed suit in November 2015 against multiple individual Defendants, concerning his conditions of confinement. Plaintiff alleged that he was placed with severely mentally ill inmates for no justifiable reason. He also complained about several incidents in February, March, and May 2015.

Upon initial screening under the Prison Litigation Reform Act of 1995, 28 U.S.C. §1915(e)(2)(B) and §1915A(b), the undersigned determined that Plaintiff had stated an Eighth Amendment claim for excessive force against three defendants: Sgt. Bears, Sgt. Felts,[1] and Sgt. Sammons, concerning two physical altercations that occurred on March 27, 2015 and May 7, 2015. Aside from the Eighth Amendment claims against the referenced three Defendants, the undersigned initially determined that Plaintiff had stated a "plausible" failure to protect claim against Defendants identified as Ms.

---

[1] Plaintiff amended his complaint to correct the spelling of the names of Sgt. Brian Felts and Susan Felts from his original misspelling of "Phelps." (Docs. 19, 20, 25, 26, 27, 29).

Gladman and Ms. Susan Felts. However, the Court later dismissed those two Defendants pursuant to their separately filed motion to dismiss and motion for judgment on the pleadings. (*See* Docs. 52, 59). Because allegations against all other Defendants were dismissed on initial screening, (Docs. 5, 11), the only claims that were permitted to proceed through discovery were the Eighth Amendment claims asserted against Defendants Bear, Sammons, and Felts.

After the close of discovery, the three remaining Defendants moved for summary judgment. (Doc. 66). On May 31, 2017, the undersigned filed a Report and Recommendation in which I recommended granting summary judgment only in part on qualified immunity grounds for certain claims against Defendants Bear and Felts, but in whole as to Defendant Sammons. (Doc. 73). More specifically, the R&R recommended that summary judgment be denied to Defendant Bear for the March 27, 2015 incident, and denied to Defendant Felts for the May 7, 2015 incident, based upon genuine issues of material fact concerning whether Plaintiff or Defendants initiated the physical altercations on those dates. (*Id.*) Both Defendants and Plaintiff filed objections. (Docs. 74, 77). However, on July 21, 2017, U.S. District Judge Susan J. Dlott overruled all objections and adopted the R&R for the opinion of the Court. (Doc. 78).

On July 26, 2017, Plaintiff filed a "supplemental motion to amend" his previously amended complaint. (Doc. 79). On the same date, he filed a motion seeking a preliminary injunction. (Doc. 80). Defendants have filed a response in opposition to both motions (Doc. 81), to which Plaintiff has filed no reply. The undersigned now recommends that Plaintiff's motions be DENIED.

**II. Analysis**

Defendants' response in opposition to Plaintiff's motion to amend his compliant at this late date to re-assert allegations and claims against additional Defendants is persuasive for all the reasons stated. As Defendants point out, the proposed amendment essentially seeks to assert claims that were previously dismissed in another case filed by Plaintiff, Case No. 1:16-cv-776. In addition to the issue of futility argued by Defendants as cause to deny further amendment, the undersigned finds that amendment at this extremely late date – long after the close of discovery and disposition of Defendants' summary judgment motion – constitutes undue delay that would be overly prejudicial to the Defendants, to any newly proposed Defendants, and to the public in its interest in prompt resolution of all remaining claims. As the parties have not consented to trial before the undersigned magistrate judge, the case presently awaits only an order setting the final pretrial and trial dates before the presiding district judge.

Defendants' response in opposition to Plaintiff's motion for preliminary injunctive relief is equally persuasive. Plaintiff has demonstrated absolutely none of the four factors that would suggest that preliminary injunctive relief is appropriate in this case. *See generally Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984).

**III. Conclusion and Recommendation**

For all the reasons discussed herein, **IT IS RECOMMENDED THAT** Plaintiff's motions to amend his complaint and for preliminary injunction (Docs. 79, 80) be **DENIED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAWRENCE BURFITT,                                  Case No. 1:15-cv-730

    Plaintiff,                                       Dlott, J.
                                                         Bowman, M.J.
    v.

SGT. BEAR, et al.,

    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).