UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE BURFITT,

       Plaintiff,

v.

SGT. BEAR, et al.,

       Defendants.

Case No. 1:15-cv-730

Dlott, J.
Bowman, M.J.

# REPORT AND RECOMMENDATION

## I. Factual and Procedural Background

Plaintiff, presently incarcerated at the Southern Ohio Correctional Facility ("SOCF") and proceeding *pro se*, filed suit in November 2015 against multiple individual Defendants, concerning his conditions of confinement. Plaintiff alleged that he was placed with severely mentally ill inmates for no justifiable reason. He also complained about several incidents in February, March, and May 2015.

Upon initial screening under the Prison Litigation Reform Act of 1995, 28 U.S.C. §1915(e)(2)(B) and §1915A(b), the undersigned determined that Plaintiff had stated an Eighth Amendment claim for excessive force against three defendants: Sgt. Bears, Sgt. Felts,[1] and Sgt. Sammons, concerning two physical altercations that occurred on March 27, 2015 and May 7, 2015. Aside from the Eighth Amendment claims against the referenced three Defendants, the undersigned initially determined that Plaintiff had stated a "plausible" failure to protect claim against Defendants identified as Ms.

---
[1]Plaintiff amended his complaint to correct the spelling of the names of Sgt. Brian Felts and Susan Felts from his original misspelling of "Phelps." (Docs. 19, 20, 25, 26, 27, 29).

Gladman and Ms. Susan Felts. However, the Court later dismissed those two Defendants pursuant to their separately filed motion to dismiss and motion for judgment on the pleadings. (*See* Docs. 52, 59). Because allegations against all other Defendants were dismissed on initial screening, (Docs. 5, 11), the only claims that were permitted to proceed through discovery were the Eighth Amendment claims asserted against Defendants Bear, Sammons, and Felts.

After the close of discovery, the three remaining Defendants moved for summary judgment. (Doc. 66). On May 31, 2017, the undersigned filed a Report and Recommendation in which I recommended granting summary judgment only in part on qualified immunity grounds for certain claims against Defendants Bear and Felts, but in whole as to Defendant Sammons. (Doc. 73). More specifically, the R&R recommended that summary judgment be denied to Defendant Bear for the March 27, 2015 incident, and denied to Defendant Felts for the May 7, 2015 incident, based upon genuine issues of material fact concerning whether Plaintiff or Defendants initiated the physical altercations on those dates. (*Id.*) Both Defendants and Plaintiff filed objections. (Docs. 74, 77). However, on July 21, 2017, U.S. District Judge Susan J. Dlott overruled all objections and adopted the R&R for the opinion of the Court. (Doc. 78).

On July 26, 2017, Plaintiff filed a "supplemental motion to amend" his previously amended complaint. (Doc. 79). On the same date, he filed a motion seeking a preliminary injunction. (Doc. 80). The Court denied both motions. (Docs. 82, 84).

On September 13, 2017, Plaintiff filed a motion "to appoint counsel and response to Report and Recommendation." (Doc. 83). Plaintiff filed another motion to appoint counsel (his fourth such motion) on October 6, 2017, this time stating that he has a

broken jaw and other injuries from being "retaliated against indirectly," and is in the infirmary. (Doc. 86).

On the same October 6 date, Plaintiff filed two more motions to supplement his complaint (Docs. 85, 87). Defendants vigorously object to any attempt by Plaintiff to further amend his complaint, in part on grounds of futility. (Doc. 89). While Defendants' arguments appear to be persuasive, on October 17, 2017, Plaintiff moved to withdraw his two motions to supplement or amend, explaining that he "does agree with the defendants counsel in their opposition" and will instead seek to file a new complaint in this Court. (Doc. 91 at 1).

Plaintiff also recently filed two additional motions seeking a preliminary injunction (Doc. 88, 90).

With the exception of one of Plaintiff's motions for the appointment of counsel, which is granted by separate Order filed this same day, the undersigned now recommends that all of Plaintiff's remaining motions be DENIED.

**II. Analysis**

**A.   Motion To Amend/Correct Complaint and Motion to Supplement Complaint (Docs. 85, 87)**

On September 1, 2017, the undersigned recommended denying Plaintiff's previously filed "supplemental motion to amend" his previously amended complaint. (Docs. 73, 82). The undersigned explained:

> In addition to the issue of futility argued by Defendants as cause to deny further amendment, the undersigned finds that amendment at this extremely late date – long after the close of discovery and disposition of Defendants' summary judgment motion – constitutes undue delay that would be overly prejudicial to the Defendants, to any newly proposed Defendants, and to the public in its interest in prompt resolution of all remaining claims. As the parties have not consented to trial before the

3

> undersigned magistrate judge, the case presently awaits only an order setting the final pretrial and trial dates before the presiding district judge.

Although the presiding district judge has not yet set final pretrial and trial dates for this case, the Court adopted the Report and Recommendation ("R&R") and denied the motion to amend on September 21, 2017. (Doc. 84).

Undeterred, Plaintiff has filed two additional motions seeking amendment. For all the reasons listed in Defendants' opposition to further amendment, as well as for the reasons last stated by this Court, Plaintiff's current motions to amend should be denied.

The undersigned notes that Plaintiff recently moved to withdraw his latest two motions seeking amendment; however, the undersigned has denied that motion to withdraw as moot, by separate order. The interests of justice favor denial of Plaintiff's motions on the merits rather than withdrawal, given that Defendants took the time to fully respond, (see Doc. 89), and as a way for this Court to emphasize to Plaintiff the futility of filing future repetitive motions. <u>Plaintiff is forewarned that future repetitive motions will be summarily denied without further analysis.</u>

### B. Motions Seeking Preliminary Injunction (Docs. 88, 90)

The September 1, 2017 R&R also denied Plaintiff's last motion for preliminary injunctive relief, stating clearly that "Plaintiff has demonstrated absolutely none of the four factors that would suggest that preliminary injunctive relief is appropriate in this case. *See generally Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984)." (Doc. 82 at 3).

Plaintiff's two new motions seeking preliminary injunctive relief assert that he has been "targeted" by unnamed SOCF officers in various ways. As relief, Plaintiff appears to seek transfer to the Toledo Correctional Institution. (Doc. 88). Defendants have filed

4

a response in opposition that persuasively argues that Plaintiff's motions should be denied because Plaintiff seeks not merely to maintain the status quo, but to attain affirmative relief. The motions also should be denied based upon factors set forth in the Prison Litigation Reform Act ("PLRA") including but not limited to Plaintiff's failure to exhaust any administrative remedies for the alleged latest constitutional violations by unidentified SOCF "officers," and based upon the general principle that courts should refrain from becoming involved in day-to-day prison operations. (Doc. 92).

Similar to Plaintiff's last motion for preliminary injunctive relief, the undersigned finds that Plaintiff's conclusory allegations remain insufficient to demonstrate any factors that would favor such relief on the remaining claims in this lawsuit against the sole remaining Defendants. Both for the reasons stated by Defendants and as stated in the last R&R, Plaintiff has demonstrated absolutely none of the four factors that would justify such relief. In fact, aside from being overly conclusory and failing to identify any Defendant who remains in this case, one of his motions appears related to a different case, insofar as he argues he should be granted injunctive relief because "Case No. 1:16-cv-776 was lost for good cause and is undisputed." (Doc. 90 at 1).[2]

### III. Conclusion and Recommendation

For all the reasons discussed herein, **IT IS RECOMMENDED THAT** Plaintiff's motions to amend his complaint and for preliminary injunctive relief (Docs. 85, 87, 88, 90) be **DENIED**. **IT IS FURTHER RECOMMENDED** that the Court summarily deny without further analysis any future motions seeking amendment of Plaintiff's complaint

---

[2]Magistrate Judge Litkovitz filed an R&R on November 4, 2016 that recommended that Plaintiff's complaint in the referenced case be dismissed with prejudice on initial screening, for failure to state any claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). After Plaintiff's improper interlocutory appeal was dismissed, the Court adopted that R&R and dismissed Case No 1:16-cv-776. Plaintiff filed no further timely appeal of that dismissal.

or for preliminary injunctive relief in this case, to the extent that the Court determines such motions are repetitive to those previously filed.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAWRENCE BURFITT,

    Plaintiff,

    v.

SGT. BEAR, et al.,

    Defendants.

Case No. 1:15-cv-730

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).