**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE BURFITT,** | : | **CASE NO. 1:15-cv-730** |
| | : | |
| Plaintiff, | : | **JUDGE DLOTT** |
| | : | |
| v. | : | **PLAINTIFF'S PROPOSED JURY** |
| | : | **INSTRUCTIONS** |
| **SGT. BEAR,** *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff respectfully requests this Court to instruct the jury at the end of trial but before closing arguments with Plaintiff's proposed jury instructions.  In addition, Plaintiff requests that the Court instruct the jury with selected instructions before opening statements, including those instructions identified below, the Court's standard instructions on Credibility of Witnesses and Stipulations of Fact, and the stipulations the parties submit to the Court.

Pursuant to the Court's standing orders, these proposed instructions cover the law applicable to the claims and damages.  Each instruction includes a citation of authority.  Plaintiff reserves the right to submit supplemental instructions during trial or at the conclusion of the evidence on matters that cannot be anticipated at this time.

                                                                                                         Respectfully submitted,

                                                                                                          /s/Jennifer L. Branch
                                                                                                          Jennifer L. Branch (0038893)
                                                                                                          Trial Attorney for Plaintiff
                                                                                                          Janaya Trotter Bratton (0084123)
                                                                                                          Attorney for Plaintiffs
                                                                                                          Gerhardstein & Branch Co. LPA
                                                                                                          441 Vine Street, Suite 3400
                                                                                                          Cincinnati, Ohio 45202
                                                                                                          Tel (513) 621-9100

Fax (513) 345-5543
jbranch@gbfirm.com
jtbratton@gbfirm.com

# INDEX

1. NATURE OF THE ACTION …………………………………………………….…4
2. DUTY TO BE FAIR TO BOTH PARTIES …………………………………….…..5
3. ALL PERSONS ARE EQUAL BEFORE THE LAW …………………………..…..6
4. EXPERIMENTS, RESEARCH, AND INVESTIGATION……………………….....7
5. CLAIM UNDER CIVIL RIGHTS STATUTE 42 UNITED STATES CODE SECTION 1983 ……………………………………………………………………….…..8
6. SECTION 1983 CLAIM – ELEMENTS……………………………………………9
7. SECTION 1983 CLAIM- EIGHTH AMENDMENT U.S. CONSTITUTION…..….10
8. SECTION 1983 CLAIM – CONCLUSION………………………………………..11
9. PRIOR CONVICTIONS……………………………………………………………12
10. COMPENSATORY DAMAGES…………………………………………………..13
11. PUNITIVE DAMAGES……………………………………………………………14

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1
## NATURE OF THE ACTION

*Plaintiff requests that this instruction be read before opening statements and as part of the final jury instructions.*

This case involves two incidents that occurred in the Southern Ohio Correctional Facility in Lucasville, Ohio. The first incident occurred on March 27, 2015 in the office of Defendant Sergeant Shannon Bear. Sgt. Bear was meeting with Plaintiff Lawrence Burfitt, an inmate at the Southern Ohio Correctional Facility, to inform Mr. Burfitt of a complaint made against him. While in Sgt. Bear's office, Mr. Burfitt claims that Sgt. Bear punched him for no legitimate purpose and, in doing so, used excessive force. By contrast, Sgt. Bear claims he threw no punches and only used the amount of reasonable reactive force against Mr. Burfitt necessary to restore order to the institution.

The second incident occurred on May 7, 2015, also in the Southern Ohio Correctional Facility at a hearing before the Rules Infraction Board. Sgt. Brian Felts was in the room for the hearing along with other officials. At the hearing, Mr. Burfitt claims that Sgt. Felts punched him for no legitimate purpose and, in doing so, used excessive force. However, Sgt. Felts claims he threw no punches and that Mr. Burfitt tried to head-butt him. Sgt. Felts claims he only used the amount of reasonable reactive force against Mr. Burfitt necessary to restore order to the institution.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**
**DUTY TO BE FAIR TO BOTH PARTIES**[1]

*Plaintiff requests that this instruction be read before opening statements and as part of the final jury instructions.*

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.

---

[1] Judge Dlott's standard instructions which is a restatement of the concepts in O'Malley, 103:01.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3
## ALL PERSONS ARE EQUAL BEFORE THE LAW

*Plaintiff requests that this instruction be read before opening statements and as part of the final jury instructions.*

The fact that the Plaintiff is a prisoner and the Defendants are corrections officers with the rank of sergeant must not enter into or affect your verdict. The case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons. All persons, including prison inmates and state corrections officers, stand equal before the law, and are to be dealt with as equals in a court of justice.[2]

---

[2] *Riggins v. Hunt*, Case No. 1:01-cv-503, Jury Instructions, Doc. 167, Page 16 of 34, (S.D. Ohio, Aug., 24, 2006); O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 103:11 (6th ed.); *see also Kerr v. City of Chicago*, 424 F.2d 1134, 1139 (7th Cir. 1970) (holding it was error to deny this instruction in prisoner case: "This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons; all persons stand equal before the law, and are to be dealt with as equals in a court of justice.").

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**
**EXPERIMENTS, RESEARCH, AND INVESTIGATION[3]**

*Plaintiff requests that this instruction be read before opening statements and as part of the final jury instructions.*

Remember that you must make your decision based only on the evidence that you see and hear in court. Do not try to gather any information about the case on your own at any time during trial or while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room. Do not bring any books, like a dictionary, or anything else, like a phone, tablet, or computer, with you to help your deliberations. Do not conduct any independent research, reading, or investigation about the case. This includes internet research. Do not search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide this case. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Finally, do not visit any of the places mentioned during the trial. Make your decision based only on the evidence admitted in this case. Please do not try to find information from any source outside the confines of this courtroom.

---

[3] Judge Dlott's standard instructions which is from the Boilerplate; Proposed Model Jury Instr., "The Use of Electronic Technology to Conduct Research on or Communicate about a Case," prepared by the Judicial Conference on Court Administration and Case Management (2012).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5
## CLAIM UNDER CIVIL RIGHTS STATUTE
## 42 UNITED STATES CODE SECTION 1983

*Plaintiff requests that this instruction be read before opening statements and as part of the final jury instructions.*

The Plaintiff, Lawrence Burfitt, brings his civil rights claims under the federal civil rights statute, 42 United States Code Section 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Mr. Burfitt claims Sgt. Bear and Sgt. Felts deprived him of the right to be free from cruel and unusual punishment, a right guaranteed by the Eighth Amendment to the United States Constitution.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6
## SECTION 1983 CLAIM — ELEMENTS

In order to prevail on his Section 1983 claims, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The Defendant acted under color of law.

2. While acting under color of law, the Defendant deprived Plaintiff of a federal constitutional right.[4]

There is no dispute that, at the time relevant to these claims, Sgts. Bear and Felts were carrying out official responsibilities. Therefore, I charge you that Sgts. Bear and Felts were acting under color of law. In other words, you must only deliberate regarding whether Sgts. Bear and Felts deprived Mr. Burfitt of a constitutional right and whether that deprivation was the proximate cause of any injuries.

In this case, Plaintiff claims that he was deprived of his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment. Now I will explain how the Eighth Amendment applies to Plaintiff's claims.

---

[4] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-157 (1978).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7
## SECTION 1983 CLAIM — EIGHTH AMENDMENT U.S. CONSTITUTION

The Eighth Amendment to the United States Constitution provides that a prisoner may not be subjected to "cruel and unusual punishment." A correction officer's use of excessive force constitutes cruel and unusual punishment. A use of force is excessive if it is wanton and unnecessary.[5] Whether a use of force was wanton and unnecessary depends on whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[6] Some of the things you may want to consider to determine whether the use of force was wanton and unnecessary include the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the Defendants, and any efforts made to temper the severity of a forceful response.[7] Under the Eighth Amendment, using force on subdued, restrained, and nonresisting prisoners constitutes excessive force.[8]

This Court has already ruled that the use of force used on Mr. Burfitt AFTER the physical altercations began on March 27, 2015 and May 7, 2015 was reasonable to regain control of Plaintiff.[9] What is at issue for you to decide is whether Plaintiff or a Defendant was the aggressor in initiating the altercation on either occasion.[10] The dispute in this case concerns how both incidents began. If Sgt. Bear was the aggressor on March 27, 2015 and used unnecessary force, then you can find that Sgt. Bear used excessive force. Likewise, if Sgt. Felts was the aggressor on May 7, 2015, then you can find that Sgt. Felts used excessive force.[11]

---

[5] *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).
[6] *Id*.
[7] *Id*.
[8] *Coley v. Lucas Cty., Ohio,* 799 F.3d 530, 540 (6th Cir. 2015).
[9] *See Burfitt v. Bear, et al*, Case No. 1:15-cv-730, Report and Recommendation (RE 73) PageID#:684 (S.D. Ohio May 31, 2017).
[10] *Id.*
[11] *Id*. at PageID#:683-686.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**
**SECTION 1983 CLAIM – CONCLUSION**

If you find that Sgt. Bear or Sgt. Felts deprived Mr. Burfitt of his constitutional right to be free of excessive force, then you must continue your deliberations and consider the issue of damages.

On the other hand, if Mr. Burfitt failed to prove that Sgt. Bear violated his right to be free of excessive force, then you must find for Defendant Bear. If Mr. Burfitt failed to prove that Sgt. Felts violated his right to be free of excessive force, then you must find for Defendant Felts.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9
### PRIOR CONVICTIONS[12]

You have heard evidence that Plaintiff was convicted of a crime. You may consider evidence of a witness' prior conviction of a crime only as it may affect the credibility of the witness. You may use that evidence only to help you decide whether to believe that witness and how much weight to give that witness' testimony. You may not use that evidence for any other purpose.[13]

---

[12] Plaintiff only requests this instruction be included if evidence of a prior conviction is admitted.
[13] O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 102:44 (6th ed.); *Riggins v. Hunt*, Case No. 1:01-cv-503, Jury Instructions, Doc. 167, Page 13 of 34, (S.D. Ohio, Aug., 24, 2006).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**
**COMPENSATORY DAMAGES**

If you find in favor of Mr. Burfitt, then you must award Mr. Burfitt such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages he sustained as a direct result of the Defendants' violation of his constitutional rights.[14] To determine the proper amount of damages, you should consider the physical pain, and mental and emotional suffering Mr. Burfitt has experienced and is reasonably certain to experience in the future, the nature and extent of his injuries, and whether the injuries are temporary or permanent.[15]

In awarding compensatory damages, you should consider the nature, character, seriousness, and duration of any emotional pain, suffering, inconvenience, and mental anguish that the Plaintiff may have experienced. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.[16]

The damages that you award must be fair compensation – no more and no less. In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.[17]

Throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.[18]

---

[14] O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 166:60 (6th ed.)
[15] *Id*.
[16] *Riggins v. Hunt*, Case No. 1:01-cv-503, Jury Instructions, Doc. 167, Page 23 of 34, (S.D. Ohio, Aug., 24, 2006).
[17] *Id*.
[18] O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 166:60 (6th ed.)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11
## PUNITIVE DAMAGES

In addition to compensatory damages, if you find for Mr. Burfitt, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the Defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Mr. Burfitt and against either Defendant and if you find the conduct of either Defendant was recklessly and callously indifferent to Mr. Burfitt's constitutional rights, then, in addition to any other damages to which you find Mr. Burfitt is entitled, you may, but are not required to, award Mr. Burfitt an additional amount as punitive damages against one or both Defendants. One acts recklessly or with callous indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.[19]

The purpose of punitive damages in such a case would be if you find it is appropriate to punish a Defendant or deter a Defendant and others from like conduct in the future. Whether to award Mr. Burfitt punitive damages and the amount of those damages are within your sound discretion. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.[20] However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against those Defendants may be the same or they may be different.[21]

---

[19] *Riggins v. Hunt*, Case No. 1:01-cv-503, Jury Instructions, Doc. 167, Page 24 of 34, (S.D. Ohio, Aug., 24, 2006).
[20] O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 166:62 (6th ed.).
[21] *Riggins v. Hunt*, Case No. 1:01-cv-503, Jury Instructions, Doc. 167, Page 24 of 34, (S.D. Ohio, Aug., 24, 2006).

/s/ Jennifer L. Branch  
Jennifer L. Branch (0038893)  
Trial Attorney for Plaintiff  
Janaya Trotter Bratton (0084123)  
Gerhardstein & Branch Co. LPA  
441 Vine Street, Suite 3400  
Cincinnati, Ohio 45202  
Tel (513) 621-9100  
Fax (513) 345-5543  
jbranch@gbfirm.com  
jtbratton@gbfirm.com  
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 27th day of December 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jennifer L. Branch*  
Jennifer L. Branch (0038893)