IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE BURFITT, | : | |
| | : | |
| Plaintiff, | : | Civil Action 1:15CV730 |
| | : | |
| vs. | : | Judge Dlott |
| | : | |
| SGT. BEAR, et al., | : | Magistrate Judge Bowman |
| | : | |
| Defendants. | : | |

## MOTION IN LIMINE TO ADMIT EVIDENCE REGARDING PLAINTIFF'S UNDERLYING FELONY CONVICTION

Pursuant to Rules 26 and 37, as well as the Court's inherent authority, Defendants Bear and Felts ("Defendants"), hereby file this Motion in Limine to prevent Plaintiff Lawrence Burfitt ("Plaintiff") from attempting to exclude evidence regarding his underlying conviction for aggravated murder. A Memorandum in support is attached.

Respectfully Submitted,

MICHAEL DeWINE
Ohio Attorney General

/ s/ Mindy Worly
MINDY WORLY (0037395)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-0161
(866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Trial Counsel for Defendants*

## **MEMORANDUM**

### I. Law and Argument

This § 1983 case is being brought against the Defendants as a result of the force they used against the Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), on March 27 and May 7, 2015.

Federal Rule of Evidence 609 identifies the circumstances under which a witness may be impeached by evidence of a criminal conviction. The Rule provides that " (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." FRE 609(a)(1)(A). The rule is tempered by a limitation if more than ten years have passed since the conviction or release, whichever comes later.

Thus, felony convictions are presumptively admissible for purpose of impeachment subject to the dictates of Rule 403. Rule 403 states a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: Unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Plaintiff was convicted of aggravated murder in 2011, a conviction that satisfies Rule 609(a)(1)(A)'s requirements. Therefore, the Court must determine whether evidence of his conviction is admissible under Rule 403. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully. *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the "proposition that one who has transgressed

2

society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993) (citing *Campbell v. Greer,* 831 F.2d 700, 707 (7th Cir. 1987)).

Certainly, aggravated murder is the type of serious crime that shows "conscious disregard for the rights of others," and which "reflects more strongly on credibility than, say crimes of impulse, or simple narcotics or weapons possession." *United States v. Lipscomb,* 702 F.2d 1049, 1063 (D.C. Cir. 1983). Therefore, evidence of Plaintiff's prior conviction should be admitted into evidence unless (1) his credibility cannot be attacked by introduction of his criminal conviction; (2) the probative value of this evidence is substantially outweighed by the danger of unfair prejudice; or (3) the time limitation in FRE 609(b) applies.

Plaintiff's conviction occurred in 2011. [Defendants' Trial Exhibit, *DX-1085*.] Indeed, Plaintiff was convicted of aggravated murder and, as a result, sentenced to twenty-five years to life. *Id*. Therefore, pursuant to Rule 609(a), evidence of this conviction is admissible unless it runs afoul Rule 403's balancing test.

The Sixth Circuit was faced with a similar set of facts in *Donald v. Wilson*, 847 F.2d 1191 (6th 1988). In *Wilson*, The plaintiff was an inmate at the Southern Ohio Correctional Facility serving time for rape. He alleged constitutional injuries when he slipped in the shower and was forcibly removed from his jail cell. *Id.* at 1193.

At trial, the inmate plaintiff's conviction was admitted over his objection. The Sixth Circuit held the admission of the conviction proper, in part because the inmate was a plaintiff in a civil lawsuit. *Id.* at 1195. Then in conducting the FRE 403 balancing test, the Sixth Circuit stated

3

affirmatively: "we cannot say the probative value of the prior conviction was substantially outweighed by prejudice." *Id.* at 1197. In reaching this decision, the Sixth Circuit was "influenced by the fact that the jury already knew the plaintiff was a convicted felon as the entire scenario unfolded in a jail. Thus, we do not have the interjection of the criminal record of a witness out of the blue." *Id.* at 1198.

The same rationale applies here. The evidence of his felony conviction is probative as to Plaintiff's credibility as a witness regarding his claim that the Defendants used excessive force in controlling him.  Further, given the facts as alleged by Plaintiff, the jury will already know that he is a felon serving time in the Southern Ohio Correctional Facility, thereby diminishing the prejudicial effect of this evidence. Therefore, as in *Wilson*, which upheld the admission of a felony conviction, FRE 403 weighs in favor of the admissibility of this evidence.

While Plaintiff may argue that this conviction has no relevance to the instant case, the argument is without merit; by enacting FRE 609(a), the United States Congress has already determined that felony convictions are relevant to the witness's credibility for truthfulness. Indeed, it has long been established that evidence bearing on a witness's credibility, or character for truthfulness, "is always relevant."  *United States v. Vandetti,* 623 F.2d 1144, 1150 (6th Cir. 1980).  In turn, Rule 609(a) identifies use of a felony conviction as one of the many ways to call a witness's credibility into question.

Plaintiff's credibility is central to this case, especially because there is no evidence whatsoever of Defendants using excessive force against him but for Plaintiff's own, belated self-serving statements.  Evidence of his conviction would allow the jury to fully evaluate his credibility regarding his unsubstantiated claims.

4

Since Plaintiff's 2011 felony conviction meets all of the requirements of FRE 609, it should be admissible at trial for the limited purpose of impeaching Plaintiff's character for truthfulness. *Donald v. Wilson,* 847 F.2d at 1198; see also *Runkle v. Fleming*, No. 11-138-HRW, 2015 U.S. Dist. LEXIS 178213, 2015 WL 1089-127, at * 2 (E.D. Ky. 2015); *Moore v. Parker*, Civil Action No. 5:13-CV-00081-TBR, 2016 U.S. LEXIS 160701 (W.D. Ky. 2016).

## II. Conclusion

For the foregoing reasons, the fact of Plaintiff's conviction for aggravated murder is relevant to impeach his character for truthfulness. Therefore, Defendants respectfully request that this Court allow evidence relating to Plaintiff's conviction of aggravated murder for the limited purpose of impeaching Plaintiff's character for truthfulness at trial.

Respectfully Submitted,

MICHAEL DeWINE
Ohio Attorney General

/ s/ Mindy Worly
MINDY WORLY (0037395)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-0161
(866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Trial Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/ s/ Mindy Worly
MINDY WORLY
Assistant Attorney General
