UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE BURFITT, | : | Case No. 1:15-cv-730 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Magistrate Judge Bowman |
| SGT. BEAR, et al. | : | |
| | : | **PLAINTIFF'S OBJECTIONS TO** |
| Defendants. | : | **DEFENDANTS' PROPOSED JURY** |
| | : | **INSTRUCTIONS** |

Plaintiff objections to Defendants' substantive proposed jury instructions listed below.  In addition, where Defendants' boilerplate instructions conflict with this Court's boilerplate instructions, Plaintiff objects.

Defendants' Proposed Jury Instruction No. 3 All Persons Equal Before the Law

Plaintiff objects to No. 3 as being incomplete and requests the Court use Plaintiff's Proposed jury instruction No. 3.

Defendants' Proposed Jury Instruction No. 9 Evidence of a Felony Conviction

Plaintiff did not propose this instruction in his proposed instructions but did request this a limiting instruction at the time evidence of his conviction is admitted.  Plaintiff does not object to the instruction as part of the final instructions.

Defendants' Proposed Jury Instruction No. 16 Nature of the Action

Plaintiff objects to the details of the conduct report "for threatening a doctor" for the same reasons raised in Plaintiff's motion in limine regarding the inadmissibility of conduct reports.  Plaintiff also objects to the phrase "although Mr. Burfitt actively resisted" and asks that

it be deleted if Defendant's instruction is used. The final paragraph is redundant and not necessary.

Defendants' Proposed Jury Instruction No. 17 Claims Under 42 U.S.C. 1983

Plaintiff objects to the final paragraph where the following language should be struck as improper because it emphasizes one instruction is more important than another. If Defendants' instruction is to be given, Plaintiff requests this phrase be deleted: "In considering each claim, you must keep this very important fact in mind."

Defendants' Proposed Jury Instruction No. 18[1] Eighth Amendment – Generally

Plaintiff objects to the first paragraph as inaccurate. Instead, it should read: "Mr. Burfitt claims that on March 27, 2015, Defendant Sgt. Bear, without justification, provoked a physical altercation with Mr. Burfitt by punching him and kneeing him in the face. Sgt. Felts witnessed this use of force. Then, on May 7, 2015, Mr. Burfitt claims that Sgt. Felts, without justification, provoked another physical altercation with Mr. Burfitt by punching him in the face."

Plaintiff objects to the sixth paragraph as inaccurate, duplicative, and misleading. If Defendants' instruction is to be given, Plaintiff requests this paragraph be deleted.

Defendants' Proposed Jury Instruction No. 18[2] Eighth Amendment Violation – Excessive Force Claim

Plaintiff objects to the second paragraph as an inaccurate statement of the law and as giving improper emphasis of the "core issue" of the case. Plaintiff need not prove that both Sgt.

---

[1] See Doc. 114-1 PAGEID # 897-898.
[2] See Doc. 114-1 PAGEID # 899-900.

2

Bear and Sgt. Felts used excessive force.  Nor is it correct to say that Plaintiff must prove that defendants maliciously *and* sadistically inflicted pain on him.  The proper statement is that it is improper to apply force maliciously *or* sadistically to cause harm.[3]

Plaintiff objects to the third paragraph as being confusing, not necessary, and incorrect statement of the law.  While Defendants cite *Stoutamire* for these instructions, *Stoutamire* does not continue this paragraph.

Plaintiff objects to the fourth paragraph #1 as incorrect since it requires proof of malicious and sadistic behavior.  #2 is incorrect as it requires "more than de minimis harm" instead of "some harm." #2 is also incorrect as it requires proximate cause.

The final paragraph should either be eliminated or balanced with a prior sentence stating: "If you find Mr. Burfitt proved each of these elements against any Defendant, you must find that Defendant violated Mr. Burfitt's constitutional rights by using excessive force."  Plaintiff does not object to the instruction given in *Stoutamire* PageID # 1290-91.[4]


Defendants' Proposed Jury Instruction No. 19 Meaning of "Maliciously and Sadistic" Use of Force

Plaintiff objects to the use of the conjunction "and" instead of "or."  The final paragraph should be deleted as it is not a correct statement of the law and was no used in *Stoutamire*.


Defendants' Proposed Jury Instruction No. 20[5] Meaning of "Some Harm"

Plaintiff objects to Defendant's instruction as incomplete and requests the two paragraphs on "Some Harm" and "as a result" from *Stoutamire* PageID # 1294 be used instead.

---

[3] See *Stoutamire* JI PageID # 1290.
[4] Plaintiff does object to #2 "maliciously *and* sadistically" should be "maliciously *or* sadistically."
[5] See Doc. 114-1 PAGEID # 902.

Defendants' Proposed Jury Instruction No. 20[6] Excessive Force Claim – Plaintiff's Theory

Defendants do not properly state Plaintiff's theory. Instead, it should read: "Mr. Burfitt claims that on March 27, 2015, Defendant Sgt. Bear, without justification, provoked a physical altercation with Mr. Burfitt by punching him and kneeing him in the face. Sgt. Felts witnessed this use of force. Then, on May 7, 2015, Mr. Burfitt claims that Sgt. Felts, without justification, provoked another physical altercation with Mr. Burfitt by punching him in the face."

Defendants' Proposed Jury Instruction No. 20[7] Whether an Eighth Amendment Violation is Established Under Mr. Burfitt's Version of the Facts

Plaintiff objects here (and throughout Defendants' instructions) to the use of the phrase "more than de minimis injury" and instead requests "some harm" be substituted. Plaintiff objects to the final paragraph as confusing.

Defendants' Proposed Jury Instruction No. 21 Proximate Cause

Plaintiff objects to the proximate cause instruction as not being applicable in this case. The Defendants cite to *Stoutamire* for this instruction, but no such instruction is contained in *Stoutamire*, instead the court used the "as a result" instruction Plaintiff requests from *Stoutamire* JI PAGEID # 1294.

Defendants' Proposed Jury Instruction No. 22 Qualified Immunity

Plaintiff objects to this instruction since whether the law was clearly established in March and May 2015 it is a matter to be decided by the court, not a fact for the jury to determine.[8]

---

[6] See Doc. 114-1 PAGEID # 903.
[7] See Doc. 114-1 PAGEID # 904.
[8] *Pearson v. Callahan*, 555 U.S. 223, 236, 239 (2009).

Defendants' Proposed Jury Instruction No. 24 Nominal Damages

    Plaintiff objects to this instruction. He does not seek nominal damages.

Defendant's Proposed Verdict Form

    Plaintiff objects to Defendants' proposed verdict form because it is confusing, requests nominal damages, and is hard to follow.

Respectfully submitted,

/s/ Jennifer L. Branch<br>
Jennifer L. Branch (0038893)<br>
Trial attorney for Plaintiff<br>
Janaya Trotter Bratton (0084123)<br>
Attorney for Plaintiff<br>
Gerhardstein & Branch Co. LPA<br>
441 Vine St., Suite 3400<br>
Cincinnati, Ohio 45202<br>
Tel (513) 621-9100<br>
Fax (513) 345-5543<br>
jbranch@gbfirm.com<br>
jtbratton@gbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ Jennifer L. Branch<br>
Attorney for Plaintiff