IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE BURFITT, | : | Case No. 1:15-cv-730 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER GRANTING IN PART,** |
| | : | **DENYING IN PART, AND** |
| SGT. BEAR, *et al.*, | : | **DEFERRING IN PART THE** |
| | : | **PARTIES' MOTIONS IN LIMINE** |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Preclude Contention of the Rules Infraction Board ("RIB") Hearing's Findings (Doc. 116), Defendants' Motion to Admit Evidence of Plaintiff's Prior Prison Disciplinary History for Assault (Doc. 117), Defendants' Motion to Admit Evidence Regarding Plaintiff's Underlying Felony Conviction (Doc. 118), Defendants' Motion to Preclude Plaintiff's Testimony Regarding the Nature, Type, Causation, Extent or Seriousness of His Alleged Injuries (Doc. 119), Defendants' Motion to Admit the Use of Force Investigation Reports (Doc. 120), and Plaintiff's Motion to Limit Evidence of Plaintiff's Convictions and Prison Record (Doc. 121). Appropriate responses have been filed (Docs. 122, 123, and 125).

For the reasons set forth below, the Court will **DENY** Defendants' Motion to Preclude Contention of the RIB Hearing's Findings (Doc. 116), Defendants' Motion to Admit Evidence Regarding Plaintiff's Prior Prison Disciplinary History for Assault (Doc. 117), Defendants' Motion to Admit Evidence Regarding Plaintiff's Underlying Felony Conviction (Doc. 118), and Defendants' Motion to Preclude Plaintiff's Testimony Regarding the Nature, Type, Causation, Extent or Seriousness of His Alleged Injuries (Doc. 119). The Court will **DENY IN PART**

1

**AND DEFER IN PART** the Defendants' Motion to Admit the Use of Force Investigation Reports (Doc. 120) as the context and use of this evidence determines whether such evidence is admissible. The Court will **GRANT IN PART AND DEFER IN PART** Plaintiff's Motion to Limit Evidence of Plaintiff's Convictions and Prison Record (Doc. 121).

## I. BACKGROUND

Plaintiff Lawrence Burfitt is currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). He initiated this 42 U.S.C. § 1983 action, alleging that Defendants Bear and Felts—corrections officers at SOCF—used excessive force against him in violation of the Eighth Amendment to the United States Constitution. The allegations stem from two separate physical altercations, a March 27, 2015 incident involving Defendant Bear and a May 7, 2015 incident involving Defendant Felts. In advance of the trial set to begin January 7, 2019, the parties have filed several motions in limine. The Court will address each motion in turn.

## II. DEFENDANTS' MOTION TO PRECLUDE CONTENTION OF THE RIB HEARING'S FINDINGS (DOC. 116)

SOCF personnel conducted Rule Infraction Board ("RIB") hearings on the March 27, 2015 and May 7, 2015 uses of force at issue in this case. Defendant Bear and Defendant Felts wrote conduct reports for the respective incidents, but both times Plaintiff Burfitt refused to attend the RIB hearing. The RIB reviewed the incident reports and other evidence and found Plaintiff Burfitt to be the aggressor. Specifically, the RIB found Plaintiff Burfitt guilty of violating Rule 4 (causing physical harm to another) and Rule 8 (threatening bodily harm to another) in the March 27th incident and violating Rule 3 (causing serious physical harm to another) and Rule 36 (possession of a weapon) in the May 7th incident. Both times Plaintiff Burfitt appealed the RIB findings to the Warden and once to the Director of the Department of Corrections. Both RIB decisions were affirmed.

Defendants filed a motion in limine seeking to preclude Burfitt from contesting the RIB findings because a state agency (the RIB) has conclusively determined the facts at issue and because Burfitt's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 116). Defendants' contentions lack merit.

"[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding . . . the same preclusive effect to which it would be entitled in the State's courts." *Roberson v. Torres*, 770 F.3d 398, 403 (6th Cir. 2014) (quoting *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)). The *Roberson* Court emphasizes, however, that this is "not a blanket blessing on every factual finding in a major-misconduct hearing." *Id.* at 404. "Indeed, the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so—not just in theory, but in practice . . . It likewise turns on the court's 'sense of justice and equity,' . . . which may require a case-by-case analysis of surrounding circumstances." *Id.* at 404–05 (internal citations omitted).

In *Roberson*, the Sixth Circuit instructed the District Court to apply the following four factors to determine if the hearing officer's factual determinations were entitled to preclusive effect in a Michigan inmate's § 1983 litigation:[1] (1) whether the state agency acted in a judicial capacity; (2) whether the hearing officer "resolved a disputed issue of fact that was properly before [him];" (3) "whether the party to be precluded had an 'adequate opportunity to litigate'

---

[1] The type of fact preclusion Defendants seek has been applied to specific Michigan prison major misconduct hearings. Michigan has an elaborate system of court-like protections in major misconduct hearings that are lacking in Ohio RIB hearings.

3

the factual dispute;" and (4) if the first three factors are satisfied, what preclusive effect the state's courts would give the agency's factual finding.

With regard to the first factor, an "administrative agency 'acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and gives the parties an opportunity to seek court review of any adverse findings.'" *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018) (quoting *Peterson v. Johnson*, 714 F.3d 905, 912 (6th Cir. 2013)). In addition, other factors weighing in favor of "judicial capacity" include: the presiding hearing officer is an impartial attorney who abstains from ex parte communications with the accusing staff; the inmate has reasonable notice and an opportunity to present evidence and oral and written arguments on factual issues; any objections to evidence admissibility are resolved and explained in the record; and the hearing results in a written final decision that is based solely on the preponderance of the evidence. *Maben*, 887 F.3d at 260. These same issues are relevant to factor number three—whether the party to be precluded had an adequate opportunity to litigate the factual dispute.

Ohio's RIB procedure completely lacks these mandatory safeguards. The RIB hearing panel "shall consist of two staff members." OAC 5120-9-08(B). The inmate receives only 24-hours' notice. OAC 5120-9-08(C). The record of the proceedings commences upon the inmate's appearance before the RIB panel and includes only the electronic record and "any document presented to the RIB, any written requests, waivers and statement summaries." OAC 5120-9-08(D). The RIB panel "**may** hear testimony from witnesses in addition to any statement the charged inmate may make," but "the inmate charged with the rule violation **may not** address or examine a witness." OAC 5120-9-08(F) (emphasis added). Finally, there is no mechanism to appeal a RIB hearing decision to a state court. Thus, Ohio's RIB hearing panel does not act in a

4

judicial capacity, and its decisions, therefore, are not entitled to preclusive effect in a § 1983 case.

In Ohio, "[e]specially with respect to administrative agencies, . . . '[A]n absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action.'" *Lupo v. Voinovich*, 858 F.Supp. 699, 703 (S.D. Ohio 1994) (quoting *Cooper v. City of North Olmstead*, 795 F.2d 1265, 1268 (6th Cir. 1986)). In the case at bar, the RIB did not litigate or determine whether Burfitt was subjected to excessive force. The RIB determined only that Burfitt violated certain institutional rules.

Finally, despite the Court's prior rulings that *Heck* has absolutely no bearing on this case, Defendants again argue that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Burfitt's claims. (*See* Report and Recommendation, Doc. 52 at PageID 274–75, adopted by Doc. 59, and Report and Recommendation, Doc. 73 at PageID 682–83, adopted by Doc. 78.) To be clear, a § 1983 action is *Heck*-barred only "if it [the RIB finding] affects the duration of incarceration ordered by the original judgment of conviction." *Lovett v. Barney*, Case No. 1:15-cv-24, 2017 WL 694208, at *4 (S.D. Ohio February 22, 2017) (citing *Muhammad v. Close*, 540 U.S. 749 (2004)). Those cases are extremely rare, and this is not one of them. Accordingly, Defendants' Motion to Preclude Contention of the RIB Hearing's Findings (Doc. 116) is **DENIED**.

### III. DEFENDANTS' MOTION TO ADMIT EVIDENCE OF PLAINTIFF'S PRIOR PRISON DISCIPLINARY HISTORY FOR ASSAULT (DOC. 117)

Defendants contend that Burfitt's institutional disciplinary records for prior assaults unrelated to the incidents at issue are admissible as evidence of motive, intent, or the Defendants' state of mind in determining reasonable force. The Court disagrees.

5

In *Easley v. Haywood*, Case No. 1:08-cv-601, 2015 WL 1926399 (S.D. Ohio April 28, 2015)—as in this case—Defendants in an inmate excessive force case sought to offer the inmate-plaintiff's institutional disciplinary records (including records of prior altercations with corrections officers) as evidence of the Defendants' subjective state of mind in determining the amount of force necessary in the incident at issue. The Court denied Defendants' motion in limine, concluding, "evidence of Plaintiff's prior and subsequent altercations with other prison officials is not admissible to show that he has a propensity or character for violence, that he had a tendency to react to authority in a particular way, nor that he was motivated to assault any of the Defendants on [the date at issue]." *Easley*, 2015 WL 1926399, at *3.

Defendants in *Easley*—like the Defendants in this case—also sought to admit the Plaintiff's disciplinary conduct records as proof of the Plaintiff's motive, intent, or plan. The Court again sided with the plaintiff-inmate, stating:

> Even if the disciplinary record is admissible for the purposes of Rule 404(b), Rule 403 counsels against its admission. The introduction of Plaintiff's disciplinary record would be unfairly prejudicial because of the high risk that the jury would conclude Plaintiff is generally a bad, violent individual and, as a result, disregard his testimony regarding the [current] incident. In short, the risk that the jury would decide the case based on their dislike of Plaintiff substantially outweighs the probative value of such evidence in showing Plaintiff's motive, intent, or plan.

*Id.* at *4; *see also United States v. Bunch*, Case No. 91-6399, 1993 WL 5933 (6th Cir. January 13, 1993) (inmate disciplinary record inadmissible under Rule 403 as evidence of inmate's plan or jailer's state of mind where jailer accused of assaulting inmate and denying medical care after assault). This Court agrees. Accordingly, Defendants' Motion to Admit Evidence Regarding Plaintiff's Prior Prison Disciplinary History for Assault (Doc. 117) is **DENIED**.

IV. **DEFENDANTS' MOTION TO ADMIT EVIDENCE REGARDING PLAINTIFF'S UNDERLYING FELONY CONVICTION (DOC. 118) AND PLAINTIFF'S MOTION TO LIMIT EVIDENCE OF PLAINTIFF'S CONVICTIONS (DOC. 121, IN PART)**

Defendants move to admit evidence regarding Burfitt's incarceration for aggravated murder, contending that such evidence is admissible under Federal Rule of Evidence 609 to impeach his credibility. Plaintiff filed a motion to exclude evidence of Burfitt's 2006 drug trafficking conviction[2] and his 2011 aggravated murder conviction under Federal Rule of Evidence 403, on the basis that the danger of unfair prejudice substantially outweighs the probative value of the evidence.

Federal Rule of Evidence 609 provides that certain criminal convictions are admissible to attack a witness' credibility "subject to Rule 403." Fed. R. Evid. 609(a)(1)(A). A district court has broad discretion in making a Rule 403 determination. *United States v. Bonds*, 12 F.3d 540 (1993). Where 42 U.S.C. § 1983 plaintiff-inmates were convicted of heinous crimes, courts have allowed the defendants to ask a plaintiff if he has been convicted "of a felony" and the date of the conviction but prohibited questioning regarding the specific charges or underlying facts. *See, e.g., Lovett v. Cole*, Case No. 1:11-cv-277, 2014 WL 5802666 (S.D. Ohio November 7, 2014) and *Stoutamire v. Joseph*, Case No. 1:11-cv-242, Doc. 165 (S.D. Ohio January 12, 2015).

In this case, Defendants may ask Burfitt whether and on what date he was convicted of a felony, but further questioning about the specifics of the charge or the facts underlying his conviction would violate Rule 403. Accordingly, Defendants' Motion to Admit Evidence Regarding Plaintiff's Underlying Felony Conviction (Doc. 118) is **DENIED**, and Plaintiff's Motion to Limit Evidence of Plaintiff's Convictions (Doc. 121, in part) is **GRANTED**.

---

[2] There is no indication that Defendants intend to reference the 2006 drug trafficking conviction.

## V. DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S TESTIMONY REGARDING THE NATURE, TYPE, CAUSATION, EXTENT OR SERIOUSNESS OF HIS ALLEGED INJURIES (DOC. 119)

Defendants filed a motion in limine to prevent Burfitt from testifying that he suffered "more than de minimis injuries" as a result of the incidents at issue. Defendants contend that Nurse James, who examined Burfitt after both incidents, will testify regarding the nature, type, causation, extent and seriousness of Burfitt's injuries. According to Defendants, then, since Burfitt lacks specialized knowledge or experience, "it would be improper for Plaintiff to present lay opinion testimony on these same issues." (Doc. 119 at PageID 977.)

However, Rule 701 specifically permits lay witnesses to offer opinion testimony that is rationally based on the witness's perception, helpful to determining a fact in issue, and not based on specialized knowledge. Fed. R. Evid. 701(a)–(c). As Burfitt himself experienced the alleged injuries and the cause thereof, he will be permitted to testify about his perceptions without relying on specialized knowledge. Accordingly, Defendants' Motion to Preclude Plaintiff's Testimony Regarding the Nature, Type, Causation, Extent or Seriousness of His Alleged Injuries (Doc. 119) is **DENIED**.

## VI. DEFENDANTS' MOTION TO ADMIT USE OF FORCE INVESTIGATION REPORTS (DOC. 120) AND PLAINTIFF'S MOTION TO LIMIT EVIDENCE OF PLAINTIFF'S PRISON RECORD (DOC. 121, IN PART)

Defendants' moved to admit the use of force reports and other investigative records involving the two incidents at issue in this case. Plaintiff moved to exclude portions of these documents as containing inadmissible hearsay.

Rule 803(8) provides an exception to the general prohibition of hearsay evidence for "a record or statement of a public office if . . . it sets out: (i) the office's activities; (ii) [in] a matter observed while under a legal duty to report . . . (iii) . . . factual findings from a legally authorized

8

investigation [in a civil case]; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). As this Court previously noted:

> Rule 803(8) presumes the admissibility of an investigator's findings "unless the sources of information or other circumstances indicate a lack of trustworthiness." Fed.R.Evid. 803(8)(C). . . . In light of this presumption, the party opposing the admission of the report must prove that the report is not trustworthy. *See Hickson Corp. v. Norfolk S. Ry. Co.*, Case Nos. 03-5801, 03-5910, 03-5911, 124 Fed. Appx. 336, 344 (6th Cir. Feb. 16, 2005) (unreported case).
> The Court may use four factors in assessing whether an evaluative report is trustworthy: (1) the timeliness of the investigation, (2) the special skill or experience of the official, (3) whether a hearing was held and the level at which conducted, and (4) possible motivation problems. *See* Fed.R.Evid. 803 advisory committee note to Paragraph (8). In addition to these criteria, the Sixth Circuit has stated that when admitting a public record or report, "[R]ule 803(8)(C) [should be applied] in a common sense manner, subject to the district court's sound exercise of discretion in determining whether the hearsay document offered in evidence has sufficient independent indicia of reliability to justify its admission." *Miller v. Caterpillar Tractor Co.*, 697 F.2d 141, 144 (6th Cir. 1983).

*Nowell v. City of Cincinnati*, No. 1:03-cv-859, 2006 WL 2619846, at *4 (S.D. Ohio Sept. 12, 2006) (Dlott, J.);[3] *see also Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002).

In the case at bar, it appears from the information available that the investigation was timely, but no hearing was held and Burfitt was unwilling or unable to cooperate with the investigation. Thus, the investigation did not take into consideration Burfitt's version of events, creating a possible trustworthiness concern. In addition, according to Defendants, "the investigators who issued the reports, along with most of the witnesses they interviewed in preparation of their reports, will be made available to testify at trial." (Doc. 120 at PageID 984.)

---

[3] In *Nowell*, this Court found admissible a Police Department Internal Investigations Section Report that concluded Cincinnati Police Officers used excessive force against a civilian. The Court relied heavily on the fact that the Police Officer leading the investigation issued a report in favor of the citizen-complainant, thereby indicating lack of improper motivation or bias.

9

Thus, as admissibility is within the sound discretion of the trial court, the Court will the exclude those sections of the investigative reports that contain hearsay and simply permit the investigators to testify. Of course, if the reports are not offered for the truth of the matter asserted, the statements contained do not constitute hearsay. Fed. R. Evid. 801(c). Accordingly, Defendants' Motion to Admit the Use of Force Investigation Reports (Doc. 120) is **DENIED IN PART AND DEFERRED IN PART,** and Plaintiff's Motion to Limit Evidence of Plaintiff's Prison Record (Doc. 121) is **GRANTED IN PART.**

### VII. PLAINTIFF'S MOTION TO LIMIT EVIDENCE OF PLAINTIFF'S PRISON RECORD AS IT PERTAINS TO PLAINTIFF'S PRIOR KITES AND GRIEVANCES (DOC. 121, IN PART)

Plaintiff moves to exclude his prior kites and grievances as irrelevant and unfairly prejudicial. Defendants oppose Plaintiff's motion on the basis that the kites and grievances are not hearsay pursuant to Federal Rule of Evidence 801(d) or are an exception to the hearsay prohibition under Rule 803(6) as records of regularly conducted activity.

Rule 404(b) prevents Defendants from using prior lawsuits or grievances that occurred under different circumstances against different individuals in inmate excessive force cases. *See Lovett*, 2014 WL 5802666 (S.D. Ohio 2014) (unless prior complaints are shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation or grievance history is substantially outweighed by the danger of jury bias); *see also Easley*, 2015 WL 1926399 (S.D. Ohio 2015) (denying defendants' request to admit evidence of unrelated lawsuits and grievance documents to establish defendants' knowledge of plaintiff's attempts to taunt correctional staff into use of force situations and then file grievances against them).

Thus, to the extent that the kites and grievances are unrelated to the two incidents at issue in this case, Plaintiff's Motion to Limit Evidence of Plaintiff's Prison Record (Doc. 121) is

**GRANTED IN PART.** However, to the extent that the kites and grievances are related to the incidents at issue here, the Court will **DEFER RULING** on objections to admissibility until such objections arise at trial.

## VIII. CONCLUSION

For the reasons set forth above, Defendants' Motion to Preclude Contention of the RIB Hearing's Findings (Doc. 116) is **DENIED**. Defendants' Motion to Admit Evidence of Plaintiff's Prior Prison Disciplinary History for Assault (Doc. 117) is **DENIED**. Defendants' Motion to Admit Evidence Regarding Plaintiff's Underlying Felony Conviction (Doc. 118) is **DENIED**. Defendants' Motion to Preclude Plaintiff's Testimony Regarding the Nature, Type, Causation, Extent or Seriousness of His Alleged Injuries (Doc. 119) is **DENIED**. Defendants' Motion to Admit the Use of Force Investigation Reports (Doc. 120) is **DENIED IN PART AND DEFERRED IN PART**. Plaintiff's Motion to Limit Evidence of Plaintiff's Convictions and Prison Record (Doc. 121) is **GRANTED IN PART AND DEFERRED IN PART** consistent with this Order.

**IT IS SO ORDERED.**

Dated: Jan 4, 2019

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court

11